IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eugene P. Harrison, a/k/a Eugene Paul Harrison, Sr., <br><br> Plaintiff, <br><br> v. <br><br> Jennifer C. Kennedy, HCV Senior Specialist Individually and/or in her Official Capacity as an Employee of the Sumter Housing Authority, <br><br> Defendants. | Civil Action No. 3:18-cv-0057-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 49) recommending that the Court grant Defendants' Motion for Summary Judgment (Dkt. No. 34). Plaintiff filed objections to the R & R. (Dkt. Nos. 51.) For the reasons set forth below, the Court adopts in part and rejects in part the R & R and grants in part and denies in part summary judgment.

**I. Background**

Plaintiff alleges that he was unlawfully denied housing under the Housing Choice Voucher Program, and discriminated against based on a disability. Plaintiff alleges that on October 18, 2017, he received a Section 8 Choice Housing Voucher. (Dkt. No. 1.) The voucher contained a statement that a copy of the lease and a request for tenancy approval ("RFTA") must be given to the agency by the expiration date for the voucher. (Dkt. No. 34-3 at 9 – 10.) The voucher also stated it would expire on December 17, 2017, unless the family requested an extension and the SHA granted the extension. (*Id.* at 11.) Plaintiff alleges that he returned the signed RFTA on December 16, 2017, but that Defendant Jennifer Kennedy, a case worker for the Sumter Housing

-1-

Authority ("SHA") refused to approve his voucher. (Dkt. No. 1.) In support of their motion for summary judgment, Defendant included the last page of a document with Plaintiff's signature which allegedly was his RFTA. (Dkt. Nos. 34 at ¶ 12; 34-3 at 15.) The document has a stamped time of December 18, 2017 at 12:23pm, after his voucher had expired. (*Id.*) There is no evidence that Plaintiff informed SHA or Defendant of a disability, and the record contains forms for housing accommodations signed by Plaintiff where he failed to identify himself or anyone in his family as having a disability or need for an accommodation. (Dkt. No. 34-3 at 17 – 18.)

Defendant moved for summary judgment, which Plaintiff opposed. (Dkt. Nos. 34, 37.) The Magistrate Judge recommended granting Defendant's motion for summary judgment, and Plaintiff filed objections. (Dkt. Nos. 49, 51.)

## II. <u>Legal Standard</u>

### A. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### B. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### C. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Plaintiff filed objections and the R & R is reviewed *de novo*.

## III. Discussion

The Magistrate Judge ably set forth the facts in this case, and the standards applicable to the Plaintiff's claims. However, the Court finds that there is a dispute of material fact regarding whether the agency properly decided the voucher expired by the time Plaintiff returned the RFTA. Therefore the Court rejects the Magistrate Judge's determination that there is no dispute that Plaintiff's RFTA was given to SHA after December 17, 2017, but otherwise adopts the R & R.

Plaintiff brings his claims under the Housing Act of 1937. 42 U.S.C.A. § 1437. Under the Act, the initial term of the voucher must be at least 60 calendar days. 24 C.F.R. § 982.303. The agency determined that the voucher had expired by the time Plaintiff returned his RFTA. While the agency has the right to make this determination, the decision still can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C.A. § 706(2)(A). *See Pickett v. Hous. Auth. of Cook Cty.*, 114 F. Supp. 3d 663, 671 (N.D. Ill. 2015) (denying dismissal of claim under Housing Act of 1937 where "allegations suggest that [the public housing agency's] termination decision was arbitrary and capricious because it was predicated on incorrect grounds and may have resulted from [the public housing agency's] failure to follow its own procedures."); *Whitaker v. Clementon Hous. Auth.*, 788 F. Supp. 226, 234 (D.N.J. 1992) (denying summary judgment because "we find that there clearly exist disputed issues of material fact regarding the basis for HUD's decision in this matter, and thus, the issue of whether HUD's action should be set aside or upheld under § 706 of the APA cannot at this juncture be determined by the court.").

Here, there is a dispute of material fact regarding whether the SHA was given Plaintiff's RFTA prior to December 17, 2017, the expiration date sixty days after the issuance of his voucher. Defendant presents a single page with Plaintiff's signature time stamped on December 18, 2017. However, it is unclear from the page whether it actually is Plaintiff's RFTA.[1] More importantly, there is no evidence in the record regarding whether that time stamp was actually applied immediately when the RFTA was received or at a later time, and Plaintiff unequivocally asserts that he "returned the signed tenancy form on the 16th of December[,] beating the deadline [of] December 17th...." (Dkt. No. 1 at ¶9.) Therefore, Plaintiff's claim that his RFTA was improperly denied survives summary judgment.

The Court also adopts the Magistrate Judge's determination regarding Plaintiff's disability claims. (Dkt. No. 49 at 10.) Even if the Court assumed Plaintiff has a disability, there is no evidence that Plaintiff ever informed SHA or Defendant that he has a disability, that SHA or Defendant were otherwise aware he had a disability or that he requested any accommodation or extension of time from SHA based on that disability. Furthermore, housing accommodations signed by Plaintiff fail to list himself or anyone in his family as having a disability or need for an accommodation. Plaintiff therefore cannot make out a disability claim, either for discrimination or the lack of extension of his voucher.

## IV.  Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 49) is **ADOPTED IN PART** and **REJECTED IN PART**. The Court **REJECTS** the determination of the Magistrate Judge that there is no dispute of material fact regarding when SHA was given Plaintiff's RFTA, and therefore declines to adopt: (i) the sentence beginning on Page 6, line 18 and ending on Page

---

[1] Defendant asserts it is Plaintiff's RFTA in an affidavit. (Dkt. No. 34-3 at ¶12.)

7, line. 3; (ii) the clause beginning on Page 7, line 10 and ending on Page 7, line 12, and; (iii) the full paragraphs beginning on Page 8, line 14 and ending on Page 10, line 5. The R & R is otherwise **ADOPTED**. Therefore, the Court **DENIES** Defendant's Motion for Summary Judgment (Dkt. No. 34.) as to Plaintiff's claim under the Housing Act of 1937 and **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's disability claims.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 26, 2018
Charleston, South Carolina