IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eugene P. Harrison, a/k/a Eugene Paul Harrison, Sr., | Civil Action No. 3:18-cv-0057-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Jennifer C. Kennedy, HCV Senior Specialist Individually and/or in her Official Capacity as an Employee of the Sumter Housing Authority, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' motion for reconsideration (Dkt. No. 55). For the reasons set forth below, the Court grants in part and denies in part the motion.

I. **Background**

Plaintiff alleges that he was unlawfully denied housing under the Housing Choice Voucher Program, and discriminated against based on a disability. On October 26, 2018, the Court granted in part and denied in part Defendant's motion for summary judgment. (Dkt. No. 52.) While the Court granted summary judgment on Plaintiff's disability claims, the Court held that Plaintiff's claim under the Housing Act of 1937 survived summary judgment. (*Id.*) Defendant now moves for reconsideration of the Court's order. (Dkt. No. 55.)

II. **Legal Standard**

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3)

to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) *citing EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

### III. <u>Discussion</u>

Defendant focuses her motion to reconsider almost exclusively on arguing that the Plaintiff, as an applicant rather than a participant in a housing choice voucher program, had no constitutional property interest in his voucher. (Dkt. No. 55 at 1 – 5.) However, Defendant misconstrues the Court's order. The Court did not rely on, and never discussed, whether the Plaintiff had a constitutional property interest in the voucher. The Court's decision was based on a violation of statutory rather than constitutional rights. Indeed, the Plaintiff's Complaint made no claims regarding violation of his due process rights under the constitution, and instead alleged a statutory violation regarding the deadlines created under the Housing Act of 1937, 42 U.S.C.§ 1437.

Defendant's position suggests that in the narrow circumstance a public housing agency (PHA) flagrantly violated its non-discretionary regulations authorized by statute, the aggrieved party will have no avenue of redress. That is incorrect. Administrative regulations generally "cannot create an enforceable § 1983 interest not already implicit in the enforcing statute." *Smith v. Kirk*, 821 F.2d 980, 984 (4th Cir.1987). However, "where HUD regulations or Administrative Plan provisions define or flesh out the context of the right found in the statute itself, Plaintiff's § 1983 claims may be based on violations of such regulations and provisions." *Daniels v. Hous.*

*Auth. of Prince George's Cty.*, 940 F. Supp. 2d 248, 263 (D. Md.), *aff'd sub nom. Daniels v. Brown*, 550 F. App'x 138 (4th Cir. 2013). *See also Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 420 n.3 (1987) ("to us it is clear that the regulations gave low-income tenants an enforceable right to a reasonable utility allowance and that the regulations were fully authorized by the statute."). The Housing Act creates a system of vouchers for "tenant-based assistance" and provides that "the public housing agency may elect to screen applicants for the program in accordance with such requirements as the Secretary may establish." 42 U.S.C.A. § 1437f(o)(1)(A), (6)(B). Defining those requirements, 24 C.F.R. § 982.303 requires all vouchers issued by a PHA to have an initial term of at least 60 days, something Plaintiff alleges did not occur here. *Id.*

However, the Court does clarify one holding from its prior order, Docket Number 52. Defendant here worked for Sumter Housing Authority, a PHA, and not directly for a federal agency. The Court stated that its determination regarding whether to accept Plaintiff's request for tenancy approval ("RFTA") would be reviewed under the arbitrary and capricious standard of the Administrative Procedures Act, 5 U.S.C. § 706. However, the Fourth Circuit has held that PHA determinations contrary to statute or regulations are reviewed *de novo*. *See Ritter v. Cecil Cty. Office of Hous. & Cmty. Dev.*, 33 F.3d 323, 328 (4th Cir. 1994) ("The deference that we conclude is applicable applies only to the extent the agency's rules are not contrary to the statute or regulation, and that question is one of law for the courts to determine de novo."). *See also Pratt v. Hous. Auth. For City of Camden*, No. CIV.A.05-0544 NLH, 2006 WL 2792784, at *6 (D.N.J. Sept. 27, 2006) ("a court exercises *de novo* review if the housing authority's actions are inconsistent with federal housing regulations or its authorizing legislation.").

Defendant further uses the motion for reconsideration as an attempt to relitigate the Court's holding that there is a dispute of fact regarding when Plaintiff returned his signed tenancy forms.

Defendant notes that December 16, 2017, the day on which Plaintiff alleges he returned his forms, is a Saturday, and Defendant argues that it would have been impossible for Plaintiff to have returned the form since the office was closed. (Dkt. No. 55 at 6.) However, as Defendant also notes, December 17, 2017, the deadline for his RFTA, is a Sunday, a day on which the PHA office is similarly closed. (*Id.*) Defendant's argument highlights the material fact in dispute: it is possible that Plaintiff returned or the office received the RFTA via mail, messenger, or other drop off over the weekend, but Defendant had no way of marking the RFTA returned until December 18, 2017, the date of the stamp. (Dkt. No. 34-3 at 15.) Therefore, the Defendant's conclusory statement in her affidavit, citing to the stamped envelope, does not support summary judgment.

Finally, Defendant argues she is entitled to qualified immunity to the extent she is sued in her individual capacity. Here, the nature of the claim is that the Defendant violated the sixty day initial term for the voucher, which all Parties agree is a clearly established deadline. Therefore, because the claim here turns on the alleged violation of a clearly established deadline, Defendant is not entitled to qualified immunity. *See Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("Neither federal nor state officials lose their immunity by violating the clear command of a statute or regulation—of federal or of state law—*unless that statute or regulation provides the basis for the cause of action sued upon.*") (emphasis added).

### IV. Conclusion

For the foregoing reasons, The Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to reconsider. (Dkt. No. 55.) The Court **GRANTS** Defendant's motion to reconsider only insofar as to clarify that a *de novo* standard of review applies to PHA determinations contrary to statute or regulation. The motion to reconsider is otherwise **DENIED**.

**AND IT IS SO ORDERED.**

                                                                                                                      Richard Mark Gergel
                                                     United States District Court Judge

November 7, 2018
Charleston, South Carolina