# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Eugene P. Harrison, a/k/a Eugene Paul Harrison, Sr., | Civil Action No. 3:18-cv-0057-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Jennifer C. Kennedy, HCV Senior Specialist Individually and/or in her Official Capacity as an Employee of the Sumter Housing Authority, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' motion for a protective order or, in the alternative, to quash (Dkt. No. 83). For the reasons set forth below, the Court grants motion.

## I. Background

Plaintiff Eugene Harrison alleges that he was unlawfully denied housing under the Housing Choice Voucher Program and discriminated against based on a disability. On October 26, 2018, the Court granted in part and denied in part Defendant's motion for summary judgment. (Dkt. No. 52.) The Court granted summary judgment on Plaintiff's disability claims, but Court held that Plaintiff's claim under the Housing Act of 1937 survived summary judgment. (*Id.*)

After the Court's order denying summary judgment, the Court appointed counsel for Plaintiff. (Dkt. No. 59.) Plaintiff filed an Amended Complaint on April 12, 2019. (Dkt. No. 76.) The Amended Complaint includes claims for damages, including severe mental and emotional distress. (*Id.* at ¶¶ 93, 102, 108.) The most recent scheduling order set the deadline for discovery as August 2, 2019, with dispositive motions due by August 9, 2019. (Dkt. No. 80.)

On July 25 and 27, 2019, Defendants served multiple third-parties with subpoenas for documents and depositions, with the depositions to be held and the documents to be produced on

August 8, 2019, after the discovery deadline. (Dkt. No. 83-1.) The subpoenas sought the production of the elementary school, middle school and high school files of Plaintiff's daughter, the depositions of those schools, Plaintiff's medical records, bank records, rental records, and the deposition of the mother of Plaintiff's ex-wife. (*Id.*)

Plaintiff now seeks a protective order, arguing that the subpoenas seek discovery after the deadline and, in the alternative, move to quash the subpoenas on the grounds that they are burdensome and overbroad. (Dkt. No. 83.) Defendants argue that Plaintiff's deposition on July 25, 2019 included new information regarding his claimed damages requiring discovery, and also arguing that the late disclosure should preclude Plaintiff's damages arguments at trial and, regardless, that discovery should be extended or, alternatively, Plaintiff's damages claims should be dismissed. (Dkt. No. 85.) Plaintiff filed a timely reply. (Dkt. No. 86.)

## II. Legal Standard

Parties to a civil litigation may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). However, the court "must limit the frequency or extent of discovery...if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Therefore, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the discovery of the material at issue. Fed.R.Civ.P. 26(c)(1). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in resolution of discovery problems arising in cases before [them].")

Rule 45(d)(3)(iv) of the Federal Rules of Civil Procedure also provides that a district court must, on timely motion, quash a subpoena that "subjects a person to undue burden." The determination of undue burden is within the discretion of the district court. *See Cook v. Howard*, 484 Fed. Appx. 805, 812 n.7 (4th Cir. 2012). A subpoena that seeks information irrelevant to the case is a per se undue burden. *See Cook*, 484 Fed. Appx. at 812 n.7; *HDSherer LLC v. Nat'l Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013). A subpoena that would require a non-party to incur excessive expenditure of time or money is unduly burdensome. *Cook*, 484 Fed. Appx. at 812 n.7. Otherwise, "undue burden" requires the district court to balance the interests served by demanding compliance against the interests furthered by quashing the subpoena. 9A Charles Alan Wright & Arthur R. miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008).

### III. Discussion

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Jordan v. E.I. du Pont de Nemours & Co.*, 867 F. Supp. 1238, 1250 (D.S.C. 1994). Here, it is undisputed that the subpoenas seek discovery after the discovery deadline, and indeed only one day before dispositive motions are due. (Dkt. No. 83-1.) The Court will not permit a Party to issue a court-backed subpoena, particularly where the opposing party does not consent to the extension, that contravenes this Court's Order closing discovery on August 2, 2019. Therefore, the subpoenas seek untimely and impermissible discovery and are quashed.

The Court further notes that Defendant's arguments regarding allegedly new information disclosed at Plaintiff's deposition does not support the breadth of the information sought. For example, the limited testimony about his daughter referenced in the Defendants' response does not support the need for all of her school records from elementary, middle and high school. Further, this information likely raises disclosure concerns under the Family Educational Rights and Privacy

-3-

Act ("FERPA"), 20 U.S.C. § 1232g. The other subpoenaed information, while it may contain limited relevant information, particularly medical records, is similarly overbroad and not tailored to the time at issue in this litigation. (*See, e.g.* 83-1 at 15, requesting information regarding rental of units from "2010 to the present,"; 83-1 at 24, requesting all bank statements from "January 2012 to the present.").

However, to the extent Defendants claim they require additional time based on the information disclosed at the end of July 2019, the proper vehicle is a separate motion to extend the scheduling order and not a request in their response. Defendants additional request, for a dismissal of Plaintiff's claim for medical bills, emotional distress damages and all claims in general, is without merit. Plaintiff notified Defendants of his claim for emotional distress damages in his Amended Complaint, and further provided information regarding his claimed damages at his deposition, conducted before discovery closed. To the extent his claimed damages now necessitate additional information, a separate motion to extend discovery should be filed.[1]

## IV. Conclusion

For the foregoing reasons, The Court **GRANTS** Plaintiff's motion for a protective order (Dkt. No. 83) and **QUASHES** the subpoenas.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 2, 2019
Charleston, South Carolina

---

[1] While the Court's prior scheduling Order required a conference to extend deadlines, given this recent briefing, the Court permits the Parties to move to extend the discovery deadline without a hearing. An extension of discovery may also require an extension of the dispositive motion and trial deadlines. To the extent the Parties agree on a proposed amended scheduling order, they may file a joint motion. If Defendant's seek an extension, they should file a motion demonstrating why there is good cause for the extension. Fed. R. Civ. P. 16(b)(4).