# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Eugene P. Harrison, a/k/a Eugene Paul Harrison, Sr., | Civil Action No. 3:18-cv-0057-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Jennifer C. Kennedy, HCV Senior Specialist Individually and/or in her Official Capacity as an Employee of the Sumter Housing Authority, | |
| Defendants. | |

This matter is before the Court on Defendants' motion to extend discovery deadline (Dkt. No. 88). For the reasons set forth below, the Court denied the motion.

## I. Background

This dispute concerns Plaintiff Eugene Harrison's allegations that he was unlawfully denied housing under the Housing Choice Voucher Program and discriminated against based on a disability. On October 26, 2018, the Court dismissed Plaintiff's disability claims leaving Plaintiff's claim under the Housing Act of 1937. (Dkt. No. 52.) In Plaintiff's Amended Complaint, he includes claims for damages, including severe mental and emotional distress. (Dkt. No. 76 at ¶¶ 93, 102, 108.) The Court implemented an initial Scheduling Order followed by a First, Second, and Third Amended Scheduling Order. (Dkt. Nos. 32, 64, 69, 80.) The Third Amended Scheduling Order set the final discovery deadline for August 2, 2019, with dispositive motions due by August 9, 2019. (Dkt. No. 80.)

On July 25 and 27, 2019, Defendants served multiple third-parties with subpoenas for documents and depositions, with the depositions to be held and the documents to be produced on August 8, 2019, after the discovery deadline. (Dkt. No. 83-1.) The subpoenas sought the

production of the elementary school, middle school and high school files of Plaintiff's daughter and the depositions of those schools; Plaintiff's medical records, bank records, and rental records; and the deposition of the mother of Plaintiff's ex-wife. (*Id.*) On August 1, 2019, Plaintiff filed a motion for protective order, arguing the subpoenas sought discovery after the deadline and alternatively sought to quash the subpoenas. (Dkt. No. 83.) On August 7, 2019, the Court issued an order that granted Plaintiff's motion for protective order and quashed Defendants' subpoenas. (Dkt. No. 87.)

Defendants now seek to extend the discovery deadline thirty (30) days, or until September 6, 2019. (Dkt. No. 88 at 1.) Defendants argue an extension is warranted based on newly discovered information regarding Plaintiff's claimed damages that Plaintiff identified for the first time during his deposition on July 25, 2019. (Dkt. No. 88 at 6.)

## II.  **Legal Standard**

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may only be modified "for good cause and with the judge's consent." Fed.R.Civ.P 16(b). The primary consideration is the diligence of the party seeking extension." *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.) The party seeking extension must show that despite due diligence it could not have reasonably met scheduled deadlines. *Johnson v. Cty. of Horry, S.C.*, No. 4:09-CV-1758-JMC-TER, 2012 WL 1895988, at *1 (D.S.C. May 23, 2012).

## III.  **Discussion**

Upon a review of Defendants motion, the Court concludes that Defendants fail to show good cause to extend the discovery deadline thirty (30) days, or to September 6, 2019. Defendants maintain that issuing additional discovery on July 25 and July 27, 2019 was necessary because Plaintiff surprised Defendants during his deposition on July 25, 2019. (Dkt. No. 88.) Defendants maintain that during Plaintiff's deposition, he identified for the first time, evidence regarding his

mental health bills incurred as a result of the denial of his housing voucher. (Dkt. No. 88 at 6.) Defendants also argue that Plaintiff was required to update discovery responses pursuant to Federal Rule of Procedure Rule 26 (a). Fed.R.Civ.P 16(b).

The Court has issued three scheduling orders in this case and pushed the discovery deadline back on three separate occasions. The initial discovery cutoff was November 26, 2018. (Dkt. No. 32.) Subsequently, the Court's Amended Scheduling Order pushed the discovery cutoff to April 5, 2019. (Dkt. No. 64.) Next, the Court's Second Amended Scheduling Order pushed the discovery deadline to June 5, 2019. (Dkt. No. 69.) Last, the Court's Third Amended Scheduling Order implemented a final discovery deadline of August 2, 2019. (Dkt. No 80.) In that Order, the Court specifically noted that "no further extensions will be granted absence a conference with the court." (Dkt. No. 80.) With this scheduling history in mind, the Court reviews the Defendants' efforts to comply with the discovery deadlines.

Defendants' justifications to extend the discovery deadline are insufficient primarily because they fail to demonstrate diligent efforts to conduct discovery in accordance with the Court's discovery deadline. Defendants scheduled Plaintiff's deposition for July 25, 2019, eight days before the close of discovery. Yet, Defendants had ample time to schedule depositions at an earlier date considering the Court's previous discovery extensions. *See Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 497 (S.D. Tex. 2009) (finding that lack of diligence with regard to scheduling witness depositions precluded extension of discovery deadline.) Defendants claim they are surprised by Plaintiff's disclosure of evidence pertaining to his medical/mental health bills related to his claims, but Plaintiff initially plead damages for suffering from severe mental and emotional distress. (Dkt. No. 76 at ¶¶ 93, 102, 108.) As such, Defendants had an opportunity to investigate and engage in discovery regarding these claims. *See Johnson,* 975 F.2d at 609 (noting

that carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.) Now Defendants seek to extend the discovery deadline after the discovery cutoff has passed and one day before dispositive motions are due. (Dkt. No. 83-1.) As such, Defendants have failed to diligently meet discovery deadlines pursuant to the Court's scheduling order and Defendants' motion is denied.

## IV. Conclusion

For the foregoing reasons, The Court **DENIES** Defendants' motion to extend the discovery deadline. (Dkt. No. 88.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 8, 2019
Charleston, South Carolina